## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CLINT PHILLIPS, III,                       )
                                           )
              Plaintiff,                   )
                                           )
       v.                                  )          No. 4:13CV1438 FRB
                                           )
CHRISTOPHER MURRAY, et al.,                )
                                           )
              Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Clint Phillips, III for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against St. Louis Police Officer Christopher Murray and the City of St. Louis.  Plaintiff alleges, in a wholly conclusory manner, that Murray falsely arrested him after a warrantless search. Plaintiff sues Murray in his official capacity.

## Discussion

The allegations in the complaint are conclusory and do not allege any facts, which if proved, would entitle plaintiff to relief.  As a result, the complaint fails to state a claim upon which relief can be granted.  Twombly, 55 U.S. at 570.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  To state a claim against a municipality or a

-2-

government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation.  Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted as to either defendant.

The allegations in the complaint are duplicative of the allegations plaintiff brought in the case Phillips v. Murray, 4:13CV795 (E.D. Mo.), which the Court dismissed pursuant to 28 U.S.C. § 1915(e).  As a result, the complaint is duplicative and is dismissible for this reason as well.  E.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).  An action is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language.  See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988).  Plaintiff has filed at least seven actions with this Court against governmental or other officials

that have been dismissed before service of process.  This pattern demonstrates that plaintiff is attempting to harass those individuals named in his suits rather than vindicating a legal right.  As a result, the Court finds that this action is malicious.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed** under 28 U.S.C. § 1915(e).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of August, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE